**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURJIT KAUR GILL, | No. 11-73091 |
| Petitioner, | Agency No. A078-656-860 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013**

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Surjit Kaur Gill, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings. *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Gill testified that the police persecuted her and her family because of her brother Surkhjinder Singh Gill's political activities. Gill initially testified that she did not have other siblings besides Surkhjinder. But, Gill then admitted that she had another brother and two sisters, and did not testify they had experienced any problems. Substantial evidence supports the BIA's adverse credibility finding based on these statements. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (inconsistencies that go to the heart of a petitioner's claim may deprive the claim of the requisite ring of truth); *see also Singh*, 643 F.3d at 1181 (petitioner's decision to lie to immigration authorities constituted substantial evidence supporting an adverse credibility finding). The agency was not compelled to accept Gill's explanations for the false statements. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Further, we lack jurisdiction to review any new argument Gill makes in her opening brief that the false statements were the result of translation problems, because Gill did not raise this to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In the absence of credible testimony,

2                                                                 11-73091

Gill's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Gill's CAT claim is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that she will be tortured if returned to India, her CAT claim also fails.  *Id.* at 1156-57.

Finally, we lack jurisdiction to consider Gill's challenge to the denial of voluntary departure.  8 U.S.C. § 1229c(f); *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**